# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### COOKEVILLE DIVISION

CROSSVILLE MEDICAL ONCOLOGY, P.C., )
)
    Plaintiff/Counter-Defendant, )       Case No. 2:04-00091
)       JUDGE HAYNES
v. )
)
GLENWOOD SYSTEMS, LLC, d/b/a )
GLENWOOD SYSTEMS, INC., )
)
    Defendant/Counter-Plaintiff. )
)

Consolidated with:

GLENWOOD SYSTEMS, LLC, )
GLENWOOD SYSTEMS, INC., )
)
    Plaintiffs, )       Case No. 2:10-00061
)       JUDGE HAYNES
v. )
)
DAVID C. TABOR, M.D., )
)
    Defendant. )
)

## M E M O R A N D U M

Plaintiff/Counter-Defendant, Crossville Medical Oncology, P.C., ("CMO") filed this

action originally in the Chancery Court of Cumberland County, Tennessee against the

Defendant/Counter-Plaintiff Glenwood Systems, LLC, doing business as Glenwood Systems,

Inc. (collectively, "Glenwood"). CMO asserts claims arising out of a billing agreement with

Glenwood. Glenwood removed the action to this Court based upon the diversity statute, 28

U.S.C. § 1332, without objection. Later, this action was closed to allow the parties to proceed to

arbitration. (Docket Entry No. 43). On January 6, 2010, the Arbitrator issued an award in favor

of Glenwood on its Counterclaim against Dr. David D. Tabor, M.D., individually, in the amount of $221,147.45. (Docket Entry No. 92-5, Exhibit 5 at p. 6). CMO is Dr. Tabor's professional corporation and Dr. Tabor participated in the arbitration proceeding with counsel.

After the arbitration proceeding, Glenwood filed the consolidated action against David D. Tabor, M.D., Case No. 2:10-00061, seeking to enforce the arbitration award against Dr. Tabor individually.

In the 2004 action, Plaintiff CMO contended that its billing services agreement with the arbitration clause was with "Glenwood Systems, Inc.," that Plaintiff CMO understood to be a trade name or doing business as Glenwood Services, LLC. During arbitration proceedings, Plaintiff CMO discovered that "Glenwood Systems, Inc." exists or existed at the time of execution of the Billing Services Agreement as a separate and distinct entity from Glenwood Systems, LLC. Thus, Plaintiff CMO moved to reopen this action and to amend its complaint to assert claims for business torts, violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 et seq., and breach of an oral contract against Glenwood Systems, LLC.

Before the Court are the following motions: 1) Glenwood's motion for confirmation of the arbitration award (Docket Entry No. 76); (2) Glenwood's motion to strike response in opposition to motion (Docket Entry No. 89); Glenwood's motion for attorney fees (Docket Entry No. 90); and Glenwood's motion for summary judgment in Case No. 2:10-00061 (Docket Entry No. 8). Collectively, Glenwood's motions request that the Court confirm the arbitration award, strike CMO's filings as made improperly on behalf of Dr. Tabor, and award attorneys' fees to Glenwood for the excessive costs spent by Glenwood to convert its award to a judgment.

In their responses to the various motions, CMO again argues Dr. Tabor is not a party to the billing agreement with the arbitration provision.

In executing the parties' agreement, Dr. Tabor agreed "that . . . the award be entered as a judgment in any jurisdiction in which the non-prevailing party does business." (Docket Entry No. 76, Exhibit at ¶ 10). During the arbitration proceedings, Glenwood asserted a counterclaim against CMO and Dr. Tabor who participated in the arbitration proceeding with their counsel. The arbitrator determined that Dr. Tabor signed the arbitration agreement in his individual capacity. (Docket Entry No. 76 at Exhibit 2). In the arbitrator's award, the Arbitrator summarized Glenwood's claims against CMO and Dr. Tabor and noted some 8 times that Glenwood's claims were being brought against both CMO and Dr. Tabor. (Docket Entry No. 92-5, Exhibit 5 at p. 2).

The arbitrator determined that Dr. Tabor was a party to the parties' agreement in his individual capacity and, as such, was individually liable to Glenwood in the amount of two hundred twenty-one thousand one hundred forty-seven dollars and forty-five cents ($221,147.45) plus pre- and post-judgment interest.

Participants in an arbitration proceeding can include related non-parties to the underlying litigation, and those related non-parties are subject to a court's jurisdiction for deciding whether to enforce the arbitration. Kallen v. District 1199, National Union of Hospital and Health Care Employees, 574 F.2d 723, 726 (2d Cir. 1978); Teamsters-Employer Local No. 945 Pension Fund v. ACME Sanitation Company, 963 F. Supp. 340 (D.N.J. 1977).

In the "Reasoning" section of the award, the Arbitrator determined that the Agreement was signed by Dr. Tabor in his individual capacity: "As the caption set forth above indicates, the claims and counterclaims have been asserted on behalf of entities variously named. The signed Agreement is between Glenwood Systems, Inc. . . . and David C. Tabor, M.D., whose medical oncology practice was known as Crossville Medical Oncology, P.C." (Docket Entry No. 92-5,

Exhibit 5 at p. 2). The Arbitrator went further, determining that, "The written Agreement for billing services was signed by Dr. Tabor with no indication that he was signing as a principal of a corporation rather than in his individual capacity." Id. at p. 3. "The terms of the Agreement into which Dr. Tabor entered give him sole discretion over charges. . . ." Id. The Arbitrator even noted that Dr. Tabor had forwarded the Agreement to his legal counsel before signing it in his individual capacity. Id.

The Arbitrator determined that on July 10, 2004, "[Dr. Tabor] informed [Glenwood] that he was terminating the agreement." Id. at p. 4. Moreover, "Dr. Tabor asserted that he withheld payment because [Glenwood] failed to deliver his data to the new billing form." Id. Subsequently, the Arbitrator issued an award in favor of Glenwood and against Dr. Tabor individually for $221,147.45. Id. at p. 5.

The Rules of the American Arbitration Association for Commercial Arbitration clearly require objections to the arbitrator's jurisdiction. Rule-7(c) of the AAA provides in part as follows:

> A party **must** object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that gives rise to the objection. The arbitrator may rule on such objections as a preliminary matter or as part of the final award.

Id. Dr. Tabor made no such objection at any time.

In the Sixth Circuit that "[a] party may waive its objection to the jurisdiction of the arbitrators by acquiescing in the arbitration with knowledge of the possible defect." Nationwide Mut. Ins. Co. v. Home Ins. Co., 330 F.3d 843, 846 (6th Cir. 2003); see also Order of Railway Conductors & Brakemen v. Clinchfield R. Co., 407 F.2d 985, 988 (6th Cir. 1969).

The Federal Arbitration Act expresses a presumption that arbitration awards will be confirmed. Nationwide Mut. Ins. Co. v. Home Ins Co., 429 F.3d 640, 643 (6th Cir. 2005). The

FAA is clear that a motion to confirm must be granted "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. Under federal law, a party may not "sit back with impunity until faced with a motion in federal court and assert a defense it could have raised . . . in a [timely] motion to vacate." Int'l Longshoremen's Ass'n, AFL-CIO v. Cataneo Inc., 990 F.2d 794, 800 (4th Cir. 1993). If Dr. Tabor intended to challenge the arbitrator's authority, he must object to any award. See Federated Dept. Stores, Inc. v. J.V.B. Industries, Inc., 894 F.2d 862, 866 (6th Cir. 1990). In the Sixth Circuit it is a "settled rule that objections that might have formed the basis for a timely action to vacate an award may not be raised as defenses in an action to confirm the award after the limitations period for an action to vacate has expired."

Motions to vacate an award are required by the FAA to be filed within "three months" of the issuance of the arbitration award. 9 U.S.C. § 12. "Under the Act, if you fail to move to vacate an arbitration award you forfeit the right to oppose confirmation (enforcement) of the award if sought later by the other party." Lander Co., Inc. v. MMP Investments, Inc., 107 F.3d 476, 478 (7th Cir. 1997).

The arbitrator's award was issued on or about January 6, 2010. (Docket Entry No. 92, Exhibit 5). Glenwood waited until April 22, 2010, to file its motion for confirmation of arbitration award. (Docket Entry No. 76). Thus, any objection by Dr. Tabor to the arbitrator's award needed to have been asserted by April 6, 2010 to comply with 9 U.S.C. § 12.

Accordingly, the Glenwood's motion for confirmation of arbitration award (Docket Entry No. 76) should be granted; Glenwood's motion to strike (Docket Entry No. 89) should be denied as moot; Glenwood's motion for attorney fees (Docket Entry No. 90) should be granted; and

Glenwood's motion for summary judgment in Case No. 2:10-00061 (Docket Entry No. 8) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the ____/8th____ day of January, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge